UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,    )    Index No.: 16-CIV-6263
                                          )
                    Plaintiffs,           )    COMPLAINT
                                          )
    -against-                             )
                                          )
STAR PAINTING & RESTORATION INC. and JEFF )
HOFFMAN, Individually,                    )
                                          )
                    Defendants.           )

---

Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## JURISDICTION AND VENUE

1. This civil action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure

performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the D.C. 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and various Employers pursuant to the terms of collective bargaining agreements and trust indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Corporate Defendant is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Corporate Defendant and the Union. The Funds are authorized to collect contributions on behalf of the employees from the Corporate Defendant and the Plaintiffs' Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Trade Agreement that concern the protection of employee benefit rights.

7. The Funds' maintain an office for the transaction of business at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 595 West Hartsdale Avenue, White Plains, NY 10607, in the County of Westchester.

10. Upon information and belief, the Defendant, Star Painting & Restoration Inc. (hereinafter referred to as the "Corporate Defendant" or "Employer") at all relevant times, was and is an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Corporate Defendant was and/or is a for-profit domestic corporation with its principal place of business at 20 Highland Place, Ridgefield Park, NJ 07660 in the County of Bergen.

12. Upon information and belief, the Defendant, Jeff Hoffman (hereinafter referred to as "Individual Defendant") is/or was a principal owner of the Corporate Defendant and, at all times relevant herein, maintains an address at 20 Highland Place, Ridgefield Park, NJ 07660 in the County of Bergen.

13. Upon information and belief, the Individual Defendant exercised control over the activities and operations of the Corporate Defendant and determines whether or not Corporate Defendant makes contributions to the Funds.

14. Defendants are in an industry affecting commerce, all as defined in ERISA Section 3(5), (11) and (12) 29 U.S.C. Section 1002(5), (11) and (12). Defendants are also employers of employees covered by employee benefit plans and multiemployer plans maintained pursuant to collective bargaining

agreements, all as defined in ERISA Section 3(3) and (37), and are obligated to make contributions to the Plans in accordance with ERISA Section 515 29 U.S.C. Section 1145.

15. Defendants are parties in interest with respect to the Plans as defined in ERISA Section 3(14)(H) 29 U.S.C. Section 1002(14)(H) and act directly as an employer and/or indirectly in the interest of an employer in relation to the Plans, all as defined in ERISA Section 3(5) 29 U.S.C. Section 1002(5).

16. To the extent that Defendants exercised authority and/or control with respect to the management or disposition of assets of an ERISA covered plan, they are fiduciaries within the meaning of ERISA Section 3(21)(A) 29 U.S.C. Section 1002(21)(A)

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF
## FOR BREACH OF CONTRACT

17. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if fully set forth at length herein.

18. The Corporate Defendant executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

19. The Agreement and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered by the Agreement and to remit such monetary contributions in accordance with the Agreement.

20. Upon information and belief, as a result of work performed by the individual employees of the Corporate Defendant pursuant to the Agreement there became due and owing to the Funds and Union from the Corporate Defendant contribution reports and fringe benefit contributions.

21. The Corporate Defendant has failed and refused to remit to the Funds and Union those reports and fringe benefit contributions due and owing under the Agreement and in accordance with the Policy for the period July 1, 2014 through to and including October 31, 2014 in the minimum amount of $13,799.77 and April 1, 2014 through to and including March 17, 2016 in the minimum amount of $113,648.89.

22. These amounts described in Paragraph 21 above are due and owing to the Funds and Union and are based upon an audit that was conducted by the Funds' Office and employer remittance reports.

23. The Corporate Defendant's failure, refusal or neglect to remit the proper contributions and reports to the Plaintiffs constitutes a violation of the Agreement between the Corporate Defendant and the Union wherein the Funds are third party beneficiaries.

24. Pursuant to the Agreement and the Policy, upon the Corporate Defendant's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per annum and liquidated damages at the rate of 20% of the delinquent contributions. In addition, if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses, including auditors' fees, attorney's fees and court costs.

25. Accordingly, pursuant to the Agreement, the Corporate Defendant is liable to Plaintiffs for the period July 1, 2014 through to and including October 31, 2014 in the minimum amount of $13,799.77 and April 1, 2014 through to and including March 17, 2016 in the minimum amount of $113,648.89, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### FOR ERISA OBLIGATIONS

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "25" of this Complaint as if fully set forth at length herein.

27. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement.

28. The Defendants have failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports to Plaintiffs owed as a result of work performed by individual employees of the Corporate Defendant.  Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

29. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiffs' fund the unpaid fringe benefit contributions, plus interest on the unpaid principal amount, liquidated damages on the unpaid principal amount, together with reasonable attorneys' fees, auditors' fees, costs and disbursements incurred in the action.

30. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

31. Accordingly, the Defendants are liable to Plaintiffs under the Agreement concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

32. Accordingly, the Defendants are liable to the Funds and Union for the period July 1, 2014 through to and including October 31, 2014 in the minimum amount of $13,799.77 and April 1, 2014 through to and including March 17, 2016 in the minimum amount of $113,648.89, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
### AGAINST STAR PAINTING & RESTORATION INC. AND
### JEFF HOFFMAN, INDIVIDUALLY

33. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "32" of this Complaint as if fully set forth at length herein.

34. The Agreement and/or Policy for Collection of Delinquent Contributions requires the Corporate Defendant to submit contribution reports and to purchase benefit stamps in a timely fashion in accordance with the Agreement.

35. Upon information and belief, as a result of work performed by the individual employees of the Corporate Defendant, pursuant to the Agreement, the Corporate Defendant purchased benefit stamps. However, the benefit stamps were purchased in an untimely fashion.

36. The Defendants have failed and refused to remit to the Funds late charges for the period weeks ending February 1, 2014 through to and including May 30, 2014 due and owing under the Agreement and in accordance with the Policy in the amount of $2,159.79.

37. The Defendants failure, refusal or neglect to remit the late charges to the Plaintiffs constitutes a violation of the Agreement between the Defendants and the Union wherein the Funds are third-party beneficiaries.

38. Pursuant to the Agreement upon the Defendants failure to purchase stamps in a timely fashion and failure to remit the late charges to the funds' office, the Defendants are obligated to pay late charges that consists of interest at the rate of 2% percent above prime per annum and liquidated damages.

39. In addition, should it become necessary to proceed with legal action to collect the late charges, the Defendants shall be responsible for attorneys' fees at the hourly rate charged to the funds and court costs and disbursements incurred in collecting the late charges.

40. Accordingly, the Defendants are liable to Plaintiffs for unpaid late charges for the period February 1, 2014 through to and including May 30, 2014 in the minimum amount of $2,159.79, plus court costs and disbursements and attorneys' fees.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST JEFF HOFFMAN, INDIVIDUALLY

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "40" of this Complaint as if set forth at length herein.

42. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" 29 U.S.C. Section 1104 (a)(1)(A).

43. ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law, 29 U.S.C. Section 1104(a)(1)(D).

44. As a result of the work performed by Defendants under the Agreement, Defendants, upon information and belief, received substantial sums of money related to the work performed, which intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

45. By exercising control over assets belonging to the Funds, the Individual Defendant is a fiduciary with respect to the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section 1002(21)(A). The Individual Defendant is a fiduciary with respect to the plan assets that they failed to timely pay into the Funds.

46. Upon information and belief, Individual Defendant owned, controlled and dominated the affairs of the Corporate Defendant and carried on the business of the Corporate Defendant for his own

personal ends.

47. Upon information and belief, Individual Defendant had managerial discretion and control over Corporate Defendant, made all decisions on behalf of the Corporate Defendant, signed contracts governing the Corporate Defendant, signed bank checks for the Corporate Defendant, and made all decisions concerning payments by the Corporate Defendant.

48. Upon information and belief, Individual Defendant determined which creditors the Corporate Defendant would pay, determined when the Plaintiffs' Funds would be paid, determined how much money would be paid to the Plaintiffs' Funds, and exercised control over money due and owing to the Plaintiffs' Funds.

49. Upon information and belief, Individual Defendant commingled assets of the Plaintiffs' Funds with the Corporate Defendant's general assets and used the Plaintiffs' Funds' assets to pay other creditors of the Corporate Defendant rather than forwarding the assets to the Plaintiffs' Funds.

50. By failing and refusing to turn over to the Plaintiffs' Funds the contributions, which are property of the Funds, the Corporate Defendant and Individual Defendant have converted the property of the Funds.

51. Upon information and belief, while retaining Plaintiffs' Funds' contributions, Individual Defendant diverted the Plaintiffs' Funds' assets for his own personal use.

52. By withholding contributions from Plaintiffs' Plans, Individual Defendant is individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

53. By withholding the contributions from the Funds, Individual Defendant received and retained for his own personal use and benefit, monies which were rightfully assets of the Funds in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A).

54. By withholding the contributions from the Plaintiffs' Funds, Individual Defendant failed to abide by the instruments governing the Funds in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. Section 1104(a)(1)(D).

55. As a result of the breaches of fiduciary duty described above, Individual Defendant is liable to the Funds for the amounts set forth herein, which include contributions, interest, liquidated damages and the costs and fees of collection and the Defendants must singly and jointly disgorge to the Funds said converted assets.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### AGAINST STAR PAINTING & RESTORATION INC. AND
### JEFF HOFFMAN, INDIVIDUALLY

56. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "55" of this Complaint as if fully set forth at length herein.

57. Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit, 29 U.S.C. Section 1106(a)(1)(A) and (B). Absent an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. Section 1106(b)(1) - (3).

58. At all times relevant herein, Defendants were parties in interest with respect to the Plaintiffs' Funds because they were fiduciaries, employers, or owners within the meaning of ERISA Section 3(14)(A),(C) and (E), 29 U.S.C. Section 1002(14)(A), and (E).

59. By withholding the contributions from the Plaintiffs' Funds, Defendants dealt with plan assets in their own interest and/or exchanged property or extended credit from plan assets for their own personal use and benefit in violation of ERISA Sections 406(a) and (b), 29 U.S.C. Section 1106(a) and (b).

60. By retaining assets of the Plaintiffs' Funds for their own use, said Defendants as fiduciaries have breached the fiduciary obligations owed to the Plaintiff Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. Section 1101 *et seq*.

61. The Defendants are singly and jointly and individually liable to make restitution to the Funds in the amounts as are set forth herein, no part of which has been paid.

62. As a result of the breaches of fiduciary duty described above, Defendants are liable to the Plaintiffs' Funds for the amounts set forth herein which include contributions, interest, liquidated damages, and the costs and fees of collection.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### AGAINST STAR PAINTING & RESTORATION INC.
### AND JEFF HOFFMAN, INDIVIDUALLY

63 Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "62" of this Complaint as if fully set forth at length herein.

64. Pursuant to ERISA, the Agreement and Policy for Collection of Delinquent Contributions, the Employer is required to timely submit current fringe benefit contributions and reports to Plaintiffs.

65. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If Defendants fail to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendants as follows:

On the First, Second, Third, Fourth and Fifth Claims for Relief:

   (a) In the minimum sum of $13,799.77 representing benefit fund contributions for the period July 1, 2014 through to and including October 31, 2014 and $113,648.89 representing benefit fund contributions for the period April 1, 2014 through to and including March 17, 2016, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements all

in accordance with the Trade Agreement and the Policy for Collection of Delinquent Contributions.

(b) For Judgment against Defendants for Late Charges in the minimum sum of $2,159.79 for the period February 1, 2014 through to and including May 30, 2014.

(c) Retain Jurisdiction over this matter pending compliance with its Order;

(d) Court costs and disbursements as stated in Plaintiffs' Policy For Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the Trade Agreement; and

On the Sixth Claim for Relief:

(e) Damages in the amount of any additional contributions and/or delinquency charges, which may become due and owing during the course of the instant action, which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

(f) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
       August 8, 2016

Respectfully submitted,

BARNES, IACCARINO &
SHEPHERD LLP

*Dana L. Henke*

Dana L. Henke, Esq.
Attorneys for Plaintiffs
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515